NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JUVENTINO SANDOVAL-LOPEZ, Defendant-Appellant. | No. 17-30029 D.C. No. 2:14-cr-00142-TOR MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted November 15, 2017**

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Juventino Sandoval-Lopez appeals from the district court's judgment and challenges the 48-month sentence imposed following his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Sandoval-Lopez argues that the district court procedurally erred by failing to explain the sentence and address the 18 U.S.C. § 3553(a) factors sufficiently, and by treating the Guidelines as presumptively reasonable. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Sandoval-Lopez's sentencing arguments and adequately explained its reasons for selecting a within-Guidelines term. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the district court's sentencing remarks indicate that it considered the section 3553(a) factors. *See id.* ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them"). Finally, the district court correctly calculated the Guidelines range and noted the advisory nature of the Guidelines.

Sandoval-Lopez also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Sandoval-Lopez's significant criminal and immigration history. *See Gall,* 552 U.S. at 51.

**AFFIRMED.**

2                                                    17-30029